UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

M.E. and T.E. individually, and on behalf of Kassidy E.,
a minor,

                                  Plaintiffs,

            -against-

THE NEW YORK CITY DEPARTMENT OF EDUCATION,

                                Defendant.

------------------------------------------------------------------- x

**ANSWER**

15 Civ. 5306 (VSB)

        Defendant New York City Department of Education ("Defendant" or "DOE"), by its attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for its Answer to the Complaint, dated July 9, 2015 ("Complaint"), respectfully alleges as follows:

        1.    Denies the allegations set forth in paragraph "1" of the Complaint, except admits that Plaintiffs purport to proceed as set forth therein; further admits that a State Review Officer ("SRO") issued a decision in this matter dated April 22, 2015, that an Impartial Hearing Officer ("IHO") issued a final decision on this matter dated April 28, 2014 and affirmatively states that the IHO issued an amended decision in this matter dated April 30, 2014 (the "IHO Decision").

        2.    Denies the allegations set forth in paragraph "2" of the Complaint, except admits that M.E. and T.E. are the parents of K.E. ("Student") who has been classified by the DOE as a student with a disability, and that Plaintiffs purport to proceed as set forth therein.

        3.    Denies the allegations set forth in paragraph "3" of the Complaint, except admits that Plaintiffs purport to invoke the jurisdiction of this Court as set forth therein, and

respectfully refers the Court to the statutes cited therein for a complete and accurate statement of their contents.

4. Denies the allegations set forth in paragraph "4" of the Complaint, except admits that Plaintiffs purport to lay venue in this judicial district as set forth therein.

5. Denies the allegations set forth in the first two sentences of paragraph "5" of the Complaint, except admits that Student was born in 2006, has been classified by the DOE as a student with a disability, and is a minor. Admits the allegations set forth in the third sentence therein. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the fourth and fifth sentences, except admits, upon information and belief, that M.E. and Student resided in New York City during the time period relevant to the Complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint, except admits that Plaintiffs purport to proceed as set forth therein, and notes that the DOE does not dispute the appropriateness of referring to Plaintiffs by their initials in all documents that are publicly filed with this Court.

7. Denies the allegations set forth in paragraph "7" of the Complaint, and respectfully refers the Court to Article 52-A of the New York State Education Law for a complete and accurate statement of the composition and duties of the DOE.

8. Admits the allegations set forth in paragraph "8" of the Complaint.

9. Denies the allegations set forth in paragraph "9" of the Complaint.

10. Denies the allegations set forth in paragraph "10" of the Complaint, except admits that the DOE receives funding pursuant to the Individuals with Disabilities Education Improvement Act ("IDEA") and that it is obligated to follow applicable provisions of the IDEA.

11. Denies the allegations set forth in paragraph "11" of the Complaint, except admits that the DOE maintains offices located at 52 Chambers Street in New York City.

12. Denies the allegations set forth in paragraph "12" of the Complaint, except admits, upon information and belief, that during the time period relevant to the Complaint, M.E. and Student resided within the geographical confines of the DOE school district, and admits that the DOE is obligated to follow the laws of the State of New York and the IDEA, which, *inter alia*, obligated the DOE to offer Student a free appropriate public education ("FAPE") for the school year at issue.

13. Denies the allegations set forth in paragraph "13" of the Complaint, except admits that Plaintiffs purport to proceed as set forth therein.

14. Denies the allegations set forth in paragraph "14" of the Complaint, except admits that the IDEA was enacted to provide students with disabilities with access to public education, and respectfully refers the Court to the IDEA for a complete and accurate statement of its contents.

15. Denies the allegations set forth in paragraph "15" of the Complaint, and respectfully refers the Court to the statutes cited therein for a complete and accurate statement of their contents.

16. Denies the allegations set forth in paragraph "16" of the Complaint, affirmatively states that an Individualized Education *Program* ("IEP") is a document that the

IDEA requires to be created for each child with a disability, and respectfully refers the Court to the statutes cited therein for a complete and accurate statement of their contents.

17. Denies the allegations set forth in paragraph "17" of the Complaint, except admits that a student's IEP is implemented at a particular school, that the DOE at times used a Final Notice of Recommendation ("FNR") to notify families of the recommended school placement, and that families may contact the school named in the FNR.

18. Denies the allegations set forth in paragraph "18" of the Complaint, except admits that the DOE has classified K.E. as a student with a disability and that he is, therefore, entitled to special education and related services.

19. Denies the allegations set forth in paragraph "19" of the Complaint, except admits that Student is entitled to special education and related services.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Complaint, except admits that on or about April 18, 2012, a committee on special education ("CSE") convened to prepare an IEP for Student for the 2012-13 school year (the "2012 IEP"), that the 2012 IEP classified the Student's disability as autism, and that such classification is not in dispute.

21. Admits the allegations set forth in the paragraph "21" of the Complaint.

22. Denies the allegations set forth in paragraph "22" of the Complaint.

23. Denies the allegations set forth in paragraph "23" of the Complaint.

24. Denies the allegations set forth in paragraph "24" of the Complaint and in all sub-paragraphs thereto, and affirmatively states that the 2012 IEP includes provisions for physical therapy for Student.

25. Denies the allegations set forth in paragraph "25" of the Complaint, except admits that the teacher excused herself before the meeting concluded.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint, and affirmatively states that the Committee on Special Education ("CSE") could not consider any evaluation by the McCarton Center because none had been provided to it in time for the 2012 IEP, nor did the Plaintiffs disagree with the DOE's evaluation of the Student.

27. Admits the allegations set forth in paragraph "27" of the Complaint.

28. Denies the allegations set forth in paragraph "28" of the Complaint and in all sub-paragraphs thereto.

29. Denies the allegations set forth in paragraph "29" of the Complaint, except admits that Plaintiffs sent a letter to the CSE dated June 25, 2012, and respectfully refers the Court to the letter for a complete and accurate statement of its contents.

30. Admits the allegations set forth in paragraph "30" of the Complaint, and affirmatively states that the fact that the Student also attended the Rebecca School for school years other than the 2012-13 school year is irrelevant to the instant action.

31. Admits the allegations set forth in the first sentence of paragraph "31" of the Complaint. Denies the allegations set forth in the second sentence therein.

32. Denies the allegations set forth in paragraph "32" of the Complaint.

33. Denies the allegations set forth in paragraph "33" of the Complaint.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the Complaint, except admits that the Rebecca School is a private, non-State-approved for-profit school for students with disabilities.

35. Denies the allegations set forth in paragraph "35" of the Complaint, except admits that Plaintiffs commenced a due process proceeding and respectfully refers the Court to the due process complaint for a complete and accurate statement of its contents and claims.

36. Denies the allegations set forth in paragraph "36" of the Complaint, except admits that the IHO held evidentiary hearings on July 23, 2013, September 30, 2013, October 2, 2013, October 7, 2013, November 18, 2013, December 20, 2013, March 7, 2014 and March 14, 2014.

37. To the extent that paragraph "37" of the Complaint consists of a statement of law, not an allegation of fact, it requires no response. To the extent that a response is required, however, Defendant denies the allegations set forth therein except admits that the IHO scheduled hearings to consider Plaintiffs' claims under the IDEA, and respectfully refers the Court to the IHO Decision for a complete and accurate statement of its findings and holdings.

38. Paragraph "38" of the Complaint consists of a statement of law, not an allegation of fact and, as such, requires no response. To the extent that a response is required, however, Defendant denies the allegations set forth therein.

39. Paragraph "39" of the Complaint consists of a statement of law, not an allegation of fact and, as such, requires no response. To the extent that a response is required, however, Defendant denies the allegations set forth therein.

40. Denies the allegations set forth in paragraph "40" of the Complaint.

41. Paragraph "41" of the Complaint consists of a statement of law, not an allegation of fact and, as such, requires no response. To the extent that a response is required, however, Defendant denies the allegations set forth therein.

42. To the extent that paragraph "42" of the Complaint consists of a statement of law, not an allegation of fact, it requires no response. To the extent that a response is required, however, Defendant denies the allegations set forth therein.

43. Denies the allegations set forth in paragraph "43" of the Complaint.

44. Denies the allegations set forth in paragraph "44" of the Complaint.

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the Complaint.

46. Paragraph "46" of the Complaint consists of a statement of law, not an allegation of fact and, as such, requires no response. To the extent that a response is required, however, Defendant denies the allegations set forth therein.

47. Denies the allegations set forth in paragraph "47" of the Complaint.

48. Denies the allegations set forth in paragraph "48" of the Complaint.

49. Admits the allegations set forth in paragraph "49" of the Complaint, and respectfully refers the Court to the hearing transcript for a complete description of the titles, duties and subjects of testimony of Mssrs. Czarnecki and Morales.

50. Admits the allegations set forth in paragraph "50" of the Complaint.

51. Denies the allegations set forth in paragraph "51" of the Complaint, except admits that the IHO issued an initial decision on April 28, 2013 and an amended decision on April 30, 2014 denying Plaintiffs' claims and finding that the DOE provided Student with a FAPE, and respectfully refers this Court to the two IHO decisions for a complete and accurate statement of their contents and holdings.

52. Admits the allegations set forth in paragraph "52" of the Complaint.

53. Denies the allegations set forth in paragraph "53" of the Complaint, except admits that Plaintiffs purport to proceed as set forth therein, and further admits that the SRO issued a decision dated April 22, 2015, finding that the DOE offered Student a FAPE, and respectfully refers the Court to that decision for a complete and accurate statement of its contents and holdings.

54. Denies the allegations set forth in paragraph "54" of the Complaint.

55. Denies the allegations set forth in paragraph "55" of the Complaint.

56. Denies the allegations set forth in paragraph "56" of the Complaint.

## CAUSES OF ACTION

## FIRST COUNT

## PROCEDURAL REQUIREMENTS OF THE IDEA

57. Defendant repeats, realleges and reaffirms each and every response set forth in paragraphs "1" – "56" above as if set forth fully herein.

58. Denies the allegations set forth in paragraph "58" of the Complaint.

59. Denies the allegations set forth in paragraph "59" of the Complaint.

60. Denies the allegations set forth in paragraph "60" of the Complaint.

61. Denies the allegations set forth in paragraph "61" of the Complaint.

62. Denies the allegations set forth in paragraph "62" of the Complaint.

## SECOND COUNT

## FAILURE TO PROVIDE A FAPE UNDER THE IDEA

63. Defendant repeats, realleges and reaffirms each and every response set forth in paragraphs "1" – "62" above as if set forth fully herein.

64. Denies the allegations set forth in paragraph "64" of the Complaint.

65. Denies the allegations set forth in paragraph "65" of the Complaint.

66. Denies the allegations set forth in paragraph "66" of the Complaint.

67. Denies the allegations set forth in paragraph "67" of the Complaint.

### THIRD COUNT

### ARTICLE 89 OF THE NEW YORK STATE EDUCATION LAW

68. Defendant repeats, realleges and reaffirms each and every response set forth in paragraphs "1" – "67" above as if set forth fully herein.

69. Denies the allegations set forth in paragraph "69" of the Complaint.

70. Denies the allegations set forth in paragraph "70" of the Complaint.

71. Denies the allegations set forth in paragraph "71" of the Complaint.

72. Denies the allegations set forth in paragraph "72" of the Complaint.

73. Denies the allegations set forth in paragraph "73" of the Complaint.

### FOURTH COUNT

### ERRONEOUS DECISION BY THE SRO

74. Defendant repeats, realleges and reaffirms each and every response set forth in paragraphs "1" – "73" above as if set forth fully herein.

75. Denies the allegations set forth in paragraph "75" of the Complaint.

76. Denies the allegations set forth in paragraph "76" of the Complaint and all sub-paragraphs thereto.

77. Denies the allegations set forth in paragraph "77" of the Complaint.

78. Denies the allegations set forth in paragraph "78" of the Complaint.

79. Denies the allegations set forth in paragraph "79" of the Complaint.

### FOR A FIRST DEFENSE:

80. Defendant offered Student a free appropriate public education for the 2012-2013 school year.

**FOR A SECOND DEFENSE:**

81. Plaintiffs did not meet their burden of establishing that the Rebecca School was an appropriate placement for Student for the 2012-2013 school year.

**FOR A THIRD DEFENSE:**

82. Equitable considerations bar relief, in whole or in part, to Plaintiffs.

**FOR A FOURTH DEFENSE:**

83. Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

**FOR A FIFTH DEFENSE:**

84. The Court lacks subject-matter jurisdiction over any issues not identified by Plaintiffs in their Impartial Hearing Request, or for which Plaintiffs failed to exhaust their administrative remedies.

**FOR A SIXTH DEFENSE:**

85. Plaintiffs are not the prevailing party and thus are not entitled to attorney's fees.

**WHEREFORE,** Defendant requests judgment dismissing the complaint and denying all relief requested therein, together with such other and further relief as the Court deems just and proper.

Dated:      New York, New York
            August 7, 2015

>               ZACHARY W. CARTER
>               Corporation Counsel of the
>                 City of New York
>               Attorney for Defendants
>               100 Church Street
>               New York, New York 10007
>               P: (212) 356-3556
>               F: (212) 356-2509
>               E: sle@law.nyc.gov


By:            /s/
            Son K. Le
            Special Assistant Corporation Counsel